# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LARRY SCHRACK,
    Plaintiff

vs

R+L CARRIERS, INC., et al.,
    Defendants

Case No. 1:10-cv-603
Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident and citizen of the Commonwealth of Kentucky, brings this action under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Ohio law, alleging claims of retaliation and interference with his FMLA rights, disability discrimination, and age discrimination. Plaintiff seeks reinstatement to his employment, lost pay and benefits, front pay, compensatory damages, liquidated damages, punitive damages, reasonable attorney fees and costs, prejudgment interest, and all other legal and equitable relief to which he may be entitled. This matter is before the Court on defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. 7), plaintiff's response in opposition to the motion and request for oral argument (Doc. 11), and defendants' reply in support of their motion. (Doc. 12).[1] The matter is also before the Court on defendants' motion for a protective order (Doc. 15), which seeks to stay discovery pending resolution of the motion for judgment on the pleadings, defendants' affidavit in support of the motion (Doc. 16), and plaintiff's response in opposition to the motion. (Doc. 17).

---

[1] Defendants have also submitted a "Notice of Supplemental Authority in Support of Motion for Judgment on the Pleadings." (Doc. 13). In the filing, defendants bring to the Court's attention an unpublished decision issued in another case in this district involving two of the same defendants named here. *See Eugene Rhodes v. R&L Carriers, Inc., et al.,* Case No. 1:10cv220 (S.D. Ohio Dec. 22, 2010) (Doc. 32). The Court has reviewed the decision and finds that it is not pertinent to the outcome of the present matter.

## I. Allegations of the Complaint

Plaintiff brings this action against R+L Carriers, Inc., R+L Carriers, and R+L Carriers Shared Services LLC. The complaint makes the following allegations: Defendants R+L Carriers, Inc. and R+L Carriers are Ohio corporations with their principal place of business in Clinton County, Ohio. (Doc. 1, ¶¶ 2, 3). Defendant R+L Carrier Shared Services LLC is an Ohio limited liability company which also has its principal place of business in Clinton County, Ohio. (*Id.*, ¶ 4). Each defendant is an employer within the meaning of applicable federal and state law. (*Id.*, ¶¶ 2-4).

Plaintiff is 57 years old. (*Id.*, ¶ 14). He became employed with defendants in November of 2007. (*Id.*, ¶ 15). Plaintiff was employed as a Security Technician for one and one-half years prior to his abrupt termination on June 23, 2009. (*Id.*, ¶ 16). Plaintiff was fully qualified for his position. (*Id.*, ¶ 17). He was a loyal, dedicated and exemplary employee who received positive performance reviews and merit-based salary increases during his employment with defendant.[2] (*Id.*, ¶ 18).

Plaintiff was diagnosed with Narcolepsy in April of 2009 and with Chronic Obstructive Pulmonary Disease (COPD) in May of 2009. (*Id.*, ¶ 20). Both Narcolepsy and COPD are disabling conditions which affect numerous life activities, including sleeping and breathing. (*Id.*, ¶ 19). In April 2009, shortly after he was diagnosed with Narcolepsy, plaintiff informed his supervisor that he had a disability and he requested FMLA leave to undergo treatment for his serious medical condition. (*Id.*, ¶ 21). Plaintiff's supervisor refused to allow plaintiff to take

---

[2]The complaint refers to defendants in the plural throughout except at ¶ 18, which refers to a single defendant.

2

FMLA leave, informing plaintiff that the company needed him to work. (*Id.*, ¶ 22). Just days later, plaintiff was fired for allegedly falling asleep on the job. (*Id.*, ¶ 23).

Shortly after he was terminated, plaintiff was admitted to the Critical Care Unit of the hospital as a result of his conditions. (*Id.*, ¶ 24). It was during this hospital stay that plaintiff was diagnosed with COPD. (*Id.*). While plaintiff was in the hospital, his daughter called defendants and complained it was unlawful for defendants to terminate plaintiff's employment because of his disability, it was unlawful to interfere with his request to take FMLA leave, and it was unlawful to retaliate against plaintiff for requesting FMLA leave. (*Id.*, ¶ 25). In response, defendants reinstated plaintiff's employment and informed him he could return to work after his doctor released him. (*Id.*, ¶ 26).

In late May of 2009, plaintiff's treating physician released him to return to work. (*Id.*, ¶ 27). When plaintiff called Human Resources to inform them he had been released to return to work, he was told that before he could return to work, defendants required him to have his treating physician complete FMLA paperwork for his past medical leave. (*Id.*, ¶ 28). Plaintiff obtained the paperwork from defendants, had it completed by his physician, and promptly returned it to defendants. (*Id.*, ¶ 29). Plaintiff was ordered to return to work on June 1, 2009. (*Id.*, ¶ 30). When he returned to work on that date, plaintiff was immediately told to go back home because defendants claimed the company's paperwork, which plaintiff's doctor had completed, was "too generic." (*Id.*, ¶ 31). At his June 1 meeting with the Human Resources representative, the representative repeatedly referred to plaintiff's disability as an "alleged medical condition." (*Id.*, ¶ 32).

Plaintiff did as he was instructed and had his treating physician complete additional

3

paperwork so he could return to work. (*Id.*, ¶ 33). Plaintiff promptly returned the paperwork to defendants, intending to return to work immediately. (*Id.*, ¶ 34). Plaintiff was instead informed that the company had terminated his employment. (*Id.*, ¶ 35).

Defendants terminated plaintiff's employment in order to retain similarly situated younger, non-disabled employees. (*Id.*, ¶ 36). Defendants interfered with plaintiff's right to take FMLA leave and terminated him in retaliation for requesting and taking FMLA leave. (*Id.*, ¶ 37).

## II. Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings on the ground that plaintiff has failed to plead the facts necessary to support his claims. First, defendants argue that plaintiff's federal and state claims must fail because the complaint does not identify which of the three defendants, if any, was plaintiff's employer who can be held liable for allegedly violating plaintiff's rights. Defendants challenge the complaint as deficient because plaintiff has identified the defendants as "employers 'within the meaning of applicable federal and state law,'" but plaintiff purportedly has failed to allege that any of the defendants are "*his* employer." (Doc. 7 at 6). Thus, defendants contend that plaintiff has deprived them of any meaningful notice of the claims against them.

In addition, defendants argue that plaintiff's FMLA claim must be dismissed because the complaint fails to allege facts establishing the threshold requirement for an FMLA claim, which is that a defendant be a "covered employer" as defined under the FMLA.[3] Moreover, defendants

---

[3] The FMLA defines a "covered employer," in relevant part, as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year [including] any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer[.]" 29 U.S.C. § 2611(4)(i)(ii).

4

argue that plaintiff's failure to identify his employer is fatal to his ADA and ADEA claims because a claimant may bring these claims in federal court only against the employer named in the charge filed with the EEOC. Defendants contend that the complaint does not allege that plaintiff has fulfilled the administrative prerequisites for bringing an ADA or ADEA claim by naming the same employer in both the EEOC charge and the complaint filed in this Court. (*Id.* at 8-9).

In addition to alleging deficiencies in the complaint regarding plaintiff's identification of his employer, defendants assert that plaintiff "offers no evidence to support his claim for age discrimination under federal or state law." (*Id.* at 4). Defendants contend it is not enough for plaintiff to plead that he was treated less favorably than similarly situated, significantly younger employees and terminated on account of his age. Defendants argue plaintiff must additionally allege facts to support his allegations. Defendants assert that plaintiff's allegations are particularly deficient because his claim that his employer hired him at age 54 and then fired him on the basis of his age a mere 18 months later makes no sense and, left unexplained, cannot satisfy plaintiff's pleading obligation.

In response, plaintiff contends that the complaint satisfies the liberal pleading standard of Fed. R. Civ. P. 8(a). Plaintiff asserts that the complaint alleges he became employed with defendants, each of whom "is an employer within the meaning of applicable federal and state law." (Doc. 1, ¶¶ 2, 3, 4, 15). Plaintiff contends that defendants share the same address, which is the address where he worked, and each issues official documents to employees. (Doc. 11 at 4). Plaintiff also notes that in their answer, defendants admit plaintiff became an employee of defendant R+L Carriers Shared Services LLC on or about November 12, 2007, and that he was

granted FMLA leave on an unspecified date. (Doc. 4, ¶¶ 15, 26). Plaintiff argues that the complaint should not be dismissed based on a purported technical failure to plead the number of individuals employed by defendants.

In addition, plaintiff notes that the complaint specifically alleges that he timely filed an EEOC charge and met all procedural requirements. Plaintiff asserts that defendants must have been aware of the charge because they responded to it through their current counsel.

Plaintiff further argues that the Court cannot draw an inference that defendants could not have terminated him at age 56 on the basis of his age after hiring him at age 54 because Rule 8(a) requires that all reasonable inferences be drawn in plaintiff's favor at the pleading stage.

Finally, plaintiff asks if the Court finds his pleading to be insufficient in any respect that he be granted leave to amend the pleading pursuant to Fed. R. Civ. P. 15(a).

**III. Rule 12(c) Standard**

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). "[T]he motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz*, 592 F.3d at 722 (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted). The factual allegations in the complaint

must be "sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Id.* (citing *Ashcroft v. Iqbal,* __U.S.__, 129 S.Ct. 1937, 1949-50 (2009)). "[A] legal conclusion couched as a factual allegation" need not be accepted as true, and mere recitations of the elements of a cause of action will not suffice. *Id.* (citing *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

"A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005)). It is not necessary that the factual allegations in the complaint be detailed: It is only necessary that they "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89 (2007) (internal quotations and citations omitted)).

## IV. Request for Oral Argument

The legal and factual issues involved in this case are not complex and they have been fully briefed by the parties. Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Ohio, the Court therefore finds that oral argument is not necessary and plaintiff's request for same is denied.

## V. Analysis

### A. Plaintiff's Federal and State Claims

Defendants argue that all of plaintiff's federal and state claims must be dismissed because

plaintiff has failed to identify his employer. However, the Court finds that plaintiff has sufficiently pled that all three defendants were his employers. The complaint alleges that each defendant "is an employer within the meaning of applicable federal and state law" (Doc. 1, ¶¶ 2-4), thereby sufficiently alleging that defendants met the statutory requirements which subject them to suit under each of the laws under which plaintiff brings his claims. In addition, the complaint plainly alleges that plaintiff "became employed with Defendants in November of 2007." (*Id.*, ¶ 15). It is apparent that defendants construed this allegation to mean that plaintiff is alleging that each defendant was *his* employer because defendants admit in the answer that "Plaintiff became an employee of Defendant R+L Carriers Shared Services, LLC on or about November 12, 2007." (Doc. 4 at ¶ 15). Thus, the allegations of the complaint gave defendants fair notice that plaintiff is suing each of them for actions they allegedly took in their capacity as his "employer," as that term is defined under each of the applicable statutes. Defendants should not be granted judgment on the pleadings based on plaintiff's alleged failure to identify any of the defendants as his employer.

### B. The FMLA Claim

The complaint alleges sufficient facts to satisfy the Rule 12(c) pleading standard for the FMLA claim. In addition to alleging that defendants are employers within the meaning of the applicable laws, which includes the FMLA (Doc. 1, ¶¶ 2-4), the complaint alleges that plaintiff is an eligible employee who was deprived of his rights under the FMLA by defendants.[4] The complaint alleges that plaintiff sought FMLA leave from defendants in order to undergo

---

[4] Among the rights which the FMLA affords an eligible employee is the right to up to a total of twelve workweeks of leave during any 12-month period for "a serious health condition that makes the employee unable to perform the functions of . . . [his] position." 29 U.S.C. § 2612(a)(1)(D).

8

treatment for two "serious health condition[s]" - Narcolepsy and COPD (*Id.*, ¶¶ 19, 21); plaintiff's supervisor refused to allow plaintiff to take leave, informing plaintiff that "the company needed him to work" (*Id.*, ¶ 22); plaintiff was fired for allegedly falling asleep on the job just days after his request was denied (*Id.*, ¶ 23); plaintiff was reinstated after complaining, through his daughter, that it was unlawful for defendants to interfere with his request for FMLA leave and to retaliate against him for requesting FMLA leave (*Id.*, ¶¶ 25-26); and plaintiff submitted the paperwork from his treating physician which defendants requested, but he was subsequently terminated in retaliation for requesting and taking FMLA leave. (*Id.*, ¶¶ 27-37). Moreover, in answering plaintiff's allegation that defendants reinstated his employment in response to his complaints of unlawful termination and FMLA interference and retaliation and informed plaintiff he could return to work after his doctor released him, defendants "admit that Plaintiff's employment was reinstated" and they aver he was granted FMLA leave. (Doc. 4, ¶ 26). Defendants therefore acknowledge in their answer that plaintiff was eligible for FMLA leave. Thus, plaintiff should not be precluded from proceeding on his FMLA claim on the ground that he has failed to specifically allege that any defendant is an employer covered by the FMLA.

### C. The ADA Claim

The complaint alleges that plaintiff filed a timely charge of discrimination with the EEOC under its worksharing agreement with the Ohio Civil Rights Commission on December 2, 2009, which was less than 300 days after his termination on June 23, 2009; the EEOC issued him a Notice of Right to Sue on June 9, 2010; and he has met all procedural requirements. (Doc. 1, ¶¶ 11-13). Defendants nonetheless assert in their motion to dismiss that the complaint makes no

9

mention of plaintiff having fulfilled the administrative prerequisites for bringing an ADA claim. (Doc. 7 at 8). In their reply memorandum in support of the motion for judgment on the pleadings, defendants note that plaintiff stated in his response in opposition to the motion that he filed an EEOC charge against defendants on December 2, 2009, claiming disability and age discrimination. (Doc. 12 at 5). However, defendants contend that plaintiff did not make this same allegation in the complaint and that his failure to identify his employer in the complaint requires dismissal of the ADA claim.

A plaintiff must file a charge with the EEOC before bringing an ADA claim in federal court. *Nichols v. GM Company*, 978 F.Supp. 743, 746 (S.D. Ohio 1997) (citing 42 U.S.C. § 12117(a) (the ADA has incorporated the same administrative procedures set forth in Title VII and requires that the plaintiff exhaust his administrative remedies before bringing a claim in federal court). By alleging that he timely filed a discrimination charge with the EEOC and that he has met all procedural requirements, plaintiff has sufficiently pled exhaustion of his administrative remedies as to his ADA claim. Defendants therefore should not be granted judgment on the pleadings on the ADA claim.

### D. The ADEA Claim

Defendants argue that although plaintiff presumably filed an EEOC charge alleging age discrimination in which he named his employer, he did not name his employer in the complaint before the Court. Defendants contend the ADEA claim must therefore be dismissed. Defendants further argue that plaintiff's allegations that defendants treated him less favorably than similarly situated, significantly younger individuals and terminated him on account of his age are insufficient to establish a claim for relief. (Doc. 7 at 9-10).

10

The ADEA prohibits an employer from discharging or otherwise discriminating against any individual in the terms or conditions of his employment because of his age. 29 U.S.C. § 623(a)(1). An individual must file a charge with the EEOC before filing a complaint of age discrimination in federal court. *Spengler v. Worthington Cyclinders*, 615 F.3d 481, 489 (6th Cir. 2010). A plaintiff who alleges an employment discrimination claim "satisfies [his] pleading burden by drafting 'a short and plain statement of the claim' consistent with Federal Rule of Civil Procedure 8(a)." *Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). *See also Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009). The claim to relief must be "plausible on its face." *Pedreira*, 579 F.3d at 728.

For the same reasons stated in connection with defendants' motion for judgment on the pleadings on plaintiff's ADA claim, plaintiff has sufficiently pled that he exhausted his administrative remedies for his ADEA claim. Moreover, the complaint sets forth a short and plain statement of plaintiff's ADEA claim which is plausible on its face. The complaint alleges that plaintiff was within the class of individuals protected under the ADEA, he was treated less favorably than similarly situated, significantly younger individuals, and he was terminated on account of his age. The complaint also alleges circumstances that raise questions as to the motives for the termination. The Court cannot discredit the allegations of the complaint on a Rule 12(c) motion and draw an inference in defendants' favor that it would not be plausible for an employer to fire an employee based on his age after having hired that employee just 18 months earlier. Defendants should not be granted judgment on the pleadings on the ADEA claim on the grounds they have stated.

11

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion for judgment on the pleadings (Doc. 7) be **DENIED**.

2. Defendants' motion for protective order (Doc. 15) be **DENIED** as moot.

Date: 4/20/2011

Karen L. Litkovitz
United States Magistrate Judge

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LARRY SCHRACK,
    Plaintiff

vs

R+L CARRIERS, INC., et al.,
    Defendants

Case No. 1:10-cv-603
Weber, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).