UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LARRY SCHRACK,<br>Plaintiff | : <br> : <br> : <br> : | Case No. 1:10cv603<br>Weber, J.<br>Litkovitz, M.J. |
| vs | : <br> : | |
| R+L CARRIERS, INC., et al.,<br>Defendants | : <br> : <br> : | **REPORT AND<br>RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to amend the complaint (Doc. 29), defendants' memorandum in opposition (Doc. 32), and plaintiff's reply memorandum (Doc. 33).

### I. Procedural history

Plaintiff Larry Schrack filed this action against defendants R+L Carriers, Inc., R+L Carriers, and R+L Carriers Shared Services LLC on September 3, 2010. (Doc. 1). Plaintiff claims that defendants retaliated against him for exercising his rights under the Family and Medical Leave Act, discriminated against him because of a disability in violation of the Americans with Disability Act and Ohio statutory law, and discriminated against him because of his age in violation of the Age Discrimination in Employment Act and Ohio statutory law.

On October 28, 2011, plaintiff filed a motion to amend the complaint. (Doc. 29). Plaintiff seeks to add claims that defendants violated wage provisions of the Fair Labor Standards Act and Ohio statutory law. (Doc. 29). Defendants oppose the motion to amend, alleging the motion is untimely and amendment of the complaint at this stage of the proceedings would result in significant and unfair prejudice to them. (Doc. 32).

## II. Standard of review

Fed. R. Civ. P. 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Rule 15(a) must be read in conjunction with Fed. R. Civ. P. 16(b), which provides that a scheduling order limiting the time to amend pleadings may be modified only for good cause and with the judge's consent. Once the deadline set forth in the scheduling order has passed, a plaintiff must show good cause under Rule 16(b) for failure to seek leave to amend in compliance with the terms of the scheduling order before the Court will consider whether amendment of the complaint is proper under Rule 15(a). *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).

Good cause is measured by the due diligence a party exercises in attempting to meet the scheduling deadlines set by the Court. *Leary*, 349 F.3d at 906 (citing Fed. R. Civ. P. 16(b), 1983 Advisory Committee Notes; *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). The party seeking an extension must show that it could not have reasonably met the scheduled deadlines despite exercising due diligence. *Wagner v. Mastiffs*, No. 2:08cv431, No. 2:09cv172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) (citing *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)). Although the primary focus is on the due diligence of the movant, the Court must also consider whether the nonmovant will be prejudiced before modifying the scheduling order. *Id.* (citing *Inge*, 281 F.3d at 625). *See also Leary*, 349 F.3d at 909 (citing *Inge*, 281 F.3d at 625; *Duggins v. Steak 'n 'Shake*, 195 F.3d 828, 834 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 556, 562 (6th Cir. 1986)). However, a lack of prejudice to the opposing party is not equivalent to a showing of good cause. *Wagner*, 2011 WL 124226, at *4 (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

### III. The motion to amend should be denied.

In the present case, the Court issued a scheduling order on November 23, 2010, which set a deadline of January 31, 2011, for the filing of motions to amend the pleadings. (Doc. 9). Plaintiff filed his motion to amend the complaint on October 28, 2011, nearly ten months after the deadline established in the scheduling order had passed. Therefore, the Court must make an initial determination as to whether plaintiff has shown good cause for modification of the scheduling order under Rule 16(b). The Court finds for the reasons stated below that plaintiff has failed to make the required showing.

A comparison of the allegations of the proposed amended complaint with those of the original complaint shows that the only new allegations plaintiff seeks to add by way of the amended complaint are: (1) plaintiff was "not paid for all hours worked," and (2) plaintiff was "not paid one and one-half times his regular rate for any hours worked over 40 in a week." (Doc. 29, Ex. A at 5). Plaintiff has not offered a valid justification for failing to include these new allegations in the original complaint and to raise his wage violation claims before the deadline for amending the pleadings expired. In the motion to amend, plaintiff only vaguely alleges that the evidence pertaining to the purported wage violations "came to light during the course of discovery obtained in September and October 2011." (Doc. 29 at 2). Likewise, plaintiff's reply memorandum alleges that he "only learned of the facts underlying the new claim through deposition testimony that Plaintiff regularly worked well over 40 hours a week and did not get paid correctly for it." (Doc. 33 at 3). However, plaintiff does not specify the information he obtained during discovery which alerted him to these violations and the existence of the additional claims. Plaintiff should have been aware of the facts underlying his wage violation claims when he filed the original complaint, and he offers no explanation as to why only

3

defendants would have been privy to this information.[1] Thus, plaintiff has not shown that he exercised due diligence in attempting to meet the deadline for amending his complaint.

Moreover, defendants would be unduly prejudiced if the Court were to modify the scheduling order and grant plaintiff leave to amend the complaint at this late stage. This case has been pending for nearly 14 months; the discovery deadline has already been extended twice and expired on November 1, 2011; and defendants have filed a motion for summary judgment on all claims presented in the original complaint. (Doc. 42). Defendants should not be required to conduct additional discovery and prepare a defense on plaintiff's wage violation claims, which are factually unrelated to the retaliation and discrimination claims presented in the original complaint, given that defendants have already moved for summary judgment on the original claims. *See Duggins*, 195 F.3d at 834 ("allowing amendment [of the complaint] after the close of discovery creates significant prejudice [to defendants]") (citing *Moore*, 790 F.2d at 562).

Accordingly, plaintiff has not made the required good cause showing under Rule 16(b). Plaintiff failed to exercise due diligence in attempting to meet the deadline for amending the complaint, and defendants would be unduly prejudiced if the scheduling order were modified to allow the proposed amendment following the close of discovery and the filing of defendants' summary judgment motion.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion to amend the complaint (Doc. 29) be **DENIED**.

Date: 2/10/2012

Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[1] Plaintiff's arguments concerning the diligence with which he investigated this case and defendants' alleged conduct during discovery (Doc. 33 at 2-3) do not constitute "good cause" as neither addresses why plaintiff was allegedly not privy to information about the hours *he* worked and wages *he* was paid prior to filing his complaint.

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LARRY SCHRACK,<br>Plaintiff | : <br> : <br> : | Case No. 1:10cv603<br>Weber, J.<br>Litkovitz, M.J. |
| vs | : <br> : <br> : | |
| R+L CARRIERS, INC., et al.,<br>Defendants | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).